IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ISABEL SAUCEDO, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00891-ESC |
| vs. | § § § | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | § § § § § | |
| *Defendant.* | § § | |

# ORDER

This order concerns Plaintiff's request for review of the administrative denial of an application for social security income ("SSI") under Title XVI on behalf of her minor grandson, M.S. 42 U.S.C. §§ 405(g), 1383(c)(3). On January 28, 2022, the parties appeared through counsel before the Court for oral argument on the issues raised in this case. After considering Plaintiff's Opening Brief [#15], Defendant's Brief in Support of the Commissioner's Decision [#18], Plaintiff's Reply Brief [#21], the transcript ("Tr.") of the SSA proceedings [#13], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that the Administrative Law Judge ("ALJ") committed reversible error in misclassifying M.S. as a preschool-age child, when he was in fact a school-age child, for purposes of evaluating the extent of his impairments. The undersigned will therefore **VACATE** the Commissioner's decision finding M.S. not disabled and **REMAND** this case for further fact-finding consistent with this opinion.

1

## I. Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#12, #26, #27].

## II. Legal Standards

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence and credibility assessments are for the Commissioner, not the court, to resolve. *Id.* While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*. *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In determining if a minor claimant is disabled, the Commissioner uses a sequential, three-step evaluation process, which considers: (1) whether the child is currently engaged in

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

substantial gainful activity; (2) whether the child has a severe impairment; and (3) whether the child's impairment is medically or functionally equivalent in severity to the impairments listed in the disability regulations. *See* 42 U.S.C. § 1382c(a)(3)(C)(i); 20 C.F.R. § 416.924(a). To determine functional equivalence, the Commissioner must consider whether the child's impairment results in "marked limitation in two domains *or* an extreme limitation in one domain" of the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1) (emphasis added). A claimant, whether adult or child, bears the burden of proving that he is disabled within the meaning of the Social Security Act. *See Fraga v. Bowen*, 810 F.2d 1296, 1301 (5th Cir. 1987) (citing 42 U.S.C. § 423(d)).

### III.  Factual Background

Plaintiff filed an application for SSI on behalf of M.S. (for whom she is now the legal adoptive parent) on February 6, 2018, after she received an unfavorable decision based on a previous SSI application. (Tr. 70–83, 186–94.) The application originally alleged a disability onset date of August 2, 2013 (M.S.'s date of birth), but Plaintiff agreed to amend the onset date at the ALJ's hearing to February 6, 2018 (the date the current SSI application was filed). (Tr. 41.) M.S's application is based on numerous physical and mental conditions and impairments due to his biological mother's drug use while he was *in utero*.

According to Plaintiff, M.S. was born addicted to drugs and required a prolonged hospital stay after birth, during which his biological mother prematurely removed him from his incubator against the doctors' will, depriving him of critical neonatal care. Plaintiff describes M.S.'s primary impairments as attention deficit hyperactivity disorder (ADHD), behavioral and

developmental delays, excessive thirst and urinary accidents due to a kidney condition, and chronic choking and cough due to swallowing difficulties from a structural issue with this throat and nerve damage. According to Plaintiff, these impairments prevent M.S. from being able to adequately and independently feed, dress, and toilet himself.

M.S.'s application was denied initially on May 23, 2018, and again upon reconsideration on February 12, 2019. (Tr. 88–111.) Following the denial of M.S.'s claim, Plaintiff requested an administrative hearing. Plaintiff, M.S., and their attorney attended the administrative hearing before ALJ Susan Whittington on October 18, 2019. (Tr. 32–66.) Plaintiff provided testimony about M.S. at the hearing. (*Id.*)

The ALJ issued an unfavorable decision on February 5, 2020. (Tr. 10–19.) The ALJ conducted the three-step evaluation process and found at step one that M.S. had not engaged in substantial gainful activity since February 6, 2018. (Tr. 11.) At step two, the ALJ found that M.S. has the following severe impairments: vesicoureteral reflux (VUR) (a condition causing urine to reflux to one or both kidneys), exotropia with strabismus (a type of eye misalignment where eyes turn outward), dysphagia (difficulty swallowing), hydronephrosis (excess urine accumulation in kidneys), obstructive sleep apnea, and ADHD. (Tr. 11.) At step three, the ALJ concluded that M.S. does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. (Tr. 12–13.) More specifically, after going through the six domains specified in the regulations, the ALJ concluded M.S. had a marked limitation in only one domain—attending and completing tasks—and less than a marked limitation in all other categories. (Tr. 13–18.) Accordingly, the ALJ determined that M.S. was not disabled for purposes of the Act and not entitled to receive SSI. (Tr. 23.)

Plaintiff requested review of the ALJ's decision, but the request for review was denied by the Appeals Council on July 13, 2020. (Tr. 1–9.) On August 2, 2020, Plaintiff filed the instant case, seeking review of the administrative determination.

## IV. Analysis

Plaintiff raises three points of error in this appeal: (1) whether the ALJ applied the incorrect legal standard in assessing M.S.'s functional abilities because she classified M.S. as a preschool-age child, when he was in fact a school-age child at the time of the ALJ's hearing; (2) whether the ALJ erred in failing to evaluate some of the relevant medical evidence regarding M.S.'s toileting and swallowing issues and his upcoming major surgery to correct the reflux of his urine to his kidneys; and (3) whether the appointment of Commissioner Andrew Saul violated separation of powers and was therefore constitutionally defective because by statute he is only removable for cause. Immediately prior to the Court's hearing in this case, Plaintiff withdrew the third issue. This opinion therefore only addresses the first two points of error.

**A.     The ALJ erred in applying the incorrect age standard in analyzing M.S.'s impairments.**

The ALJ's analysis of the medical evidence and M.S.'s impairments begins with a statement that M.S. was born on August 2, 2013, and therefore was an older infant/toddler on February 6, 2018, the date the application was filed and "is currently a preschooler." (Tr. 11.) Plaintiff argues that this was legal error because on October 18, 2019, the date of the ALJ's hearing, M.S. was in fact six years old and in first grade, making him a "school-age child" under the governing regulations. In response to this argument, the Commissioner's written briefing argues that the regulations define a preschool child as age three to age six and a school-age child as age six to age 12, meaning that M.S. "technically remained within the age range associated

5

with preschool children." (Cmm'r Brief [#18], at 17.) The Commissioner's statement is legally incorrect and blatantly misstates the regulations at issue.

The Social Security regulations regarding functional equivalence for children explain that the Commissioner will evaluate a child's functioning by looking at how "appropriately, effectively, and independently" the child performs the activities "compared to the performance of other children [the child's] age who do not have impairments." 20 C.F.R. § 416.926a(b). The regulations divide children into four age categories: newborns and infants (birth to attainment of age 1), older infants and toddlers (age 1 to attainment of age 3), preschool children (age 3 to attainment of age 6), school-age children (age 6 to attainment of age 12), and adolescents (age 12 to attainment of age 18). *See id.* at § 416.926a(g)–(k). For most of the six domains of functioning, the regulations "provide examples of activities that illustrate the typical functioning of children in different age groups." *Id.* at § 416.926a(b)(1). The Social Security regulations generally explain that "[a]n individual attains a given age on the first moment of the day preceding the anniversary of his birth corresponding to such age." *Id.* at § 416.120(c)(4). Accordingly, M.S., as a six-year-old, was unequivocally a school-age child at the time of the ALJ's hearing and at the time of the issuance of the ALJ's opinion.

When pressed at the Court's hearing on the misstatement of the law in the Commissioner's brief, counsel for the Commissioner conceded that the ALJ made a legal error in categorizing M.S.'s age and agreed that M.S. was a school-age child. Nonetheless, the Commissioner argues that the ALJ's mistake is not reversible legal error. The Court disagrees.

The Commissioner would like this Court to hold that, despite the ALJ's misclassification of M.S.'s age, there is substantial evidence to support the conclusion that M.S. does not have an impairment or combination of impairments that meet or medically equal the severity of one of

the listed impairments based on M.S.'s functioning. Yet, to do so would require this Court to independently weigh the evidence, applying the correct standard, thereby substituting its judgment for that of the ALJ. This it cannot do. *See Whitehead v. Colvin*, 820 F.3d 776, 782 (5th Cir. 2016) ("[O]ur role is not to reweigh the evidence or substitute our judgment for the ALJ's . . . ."). The ALJ's failure to undertake any analysis as to M.S.'s functioning as compared to other school-age children necessitates remand.

Although "procedural perfection" is not required in administrative proceedings, reversal is necessary where an error affects the substantial rights of a party, i.e., where an error casts doubt on the existence of substantial evidence to support the ALJ's decision. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). In contrast, an error is harmless where it is "inconceivable" that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

Accordingly, to uphold the ALJ's decision here, the Court must find that the misclassification of M.S.'s age did not prejudice M.S. Because the ALJ could have reached a different conclusion had she analyzed M.S.'s functioning as compared to other children his age, the ALJ's error was not harmless.

To find M.S. disabled, the ALJ need only have found him to have a marked limitation in one additional domain, as she already found that M.S. has marked limitations in the domain of "attending and completing tasks," even when applying the preschool-age standard, which demands less than the school-age standard. (Tr. 13.) Plaintiff focuses her arguments in her briefing on the domains of "caring for oneself" and "health and physical well-being." M.S.'s primary limitations regarding these domains pertain to his ability to independently feed, dress,

7

and toilet himself and his VUR condition, which causes urine to reflux to his kidneys. The ALJ's opinion contains no analysis of M.S.'s functioning in these areas as compared to a child of his age, and the medical evidence contains documentation that at age six, M.S. was still having occasional daytime accidents due to his excessive thirst, need to consume 36 ounces of water per day, and urinary dysfunction. (Tr. 2183.) Whereas occasional toileting accidents might be expected for a child aged three or four, accidents persisting into the first grade and elementary school are less common. Had the ALJ recognized M.S. for the school-age child that he is, she could have concluded his urinary issues constituted a marked limitation in the domains of "caring for oneself" or "health and physical well-being." This is especially true considering the records from M.S.'s urologist, who recommended surgery to correct the condition in 2019, suggesting the condition remained serious enough to warrant surgical intervention. (Tr. 2183–85.) Plaintiff supplemented the administrative record with these records between the ALJ's hearing and the decision. The ALJ's opinion did not discuss these records, let alone evaluate how the need for corrective surgery might have affected the analysis as to the severity of M.S.'s condition.

Other courts considering an ALJ's misclassification of a child claimant's age in evaluating his or her limitations have repeatedly found such error to be prejudicial and necessitating remand. *See A.M. v. Colvin*, No. 4:15CV129 AGF, 2016 WL 1060366, at *11 (E.D. Mo. Mar. 17, 2016) (remanding for ALJ to reconsider and weigh evidence in accordance with proper age group standards); *Butler ex rel. J.B. v. Colvin*, No. CA 12-0382-C, 2013 WL 1007717, at *3 & n.7 (S.D. Ala. Mar. 13, 2013) (finding that the ALJ misidentification of the claimant as a school-age child at the time of the decision, when he had in fact reached adolescence, was "certainly error requiring remand of [the] case," and noting that "if the age

descriptors meant nothing, the regulations would not make any age distinctions"); *Tisdale ex rel. B.O.H. v. Astrue*, No. 8:07-CV-862-T-TGW, 2008 WL 4145838, at *3 (M.D. Fla. Sept. 8, 2008) (finding "unpersuasive" Commissioner's argument that ALJ's error in comparing the plaintiff's functioning to children of a younger age group was harmless because "[i]f, in making [his] determination, the law judge compared the child to the wrong age group, the determination would be fundamentally flawed"). The Social Security regulations separate children into various age categories for a reason, and this Court cannot say that the ALJ would have reached the same decision had she evaluated M.S.'s various limitations as compared to a school-age rather than preschool-age child.

In summary, this Court cannot and will not substitute its judgment for that of the ALJ by reweighing the evidence against the correct age standard. The ALJ's failure to correctly categorize M.S. as a school-age child was not harmless error, and the Court finds that remand is necessary.

**B.     Upon remand, the ALJ should consider all of the relevant medical evidence in assessing M.S.'s functioning as compared to other school-age children.**

Plaintiff's second point of error argues that the ALJ erred in failing to evaluate and consider all of the relevant medical evidence in evaluating M.S.'s limitations in the domains of "caring for oneself" and "health and physical well-being." The Court need not evaluate this argument in light of the decision to remand for further proceedings. The ALJ is, upon remand, to consider all of the relevant medical evidence in assessing M.S's functioning in all of the domains specified in the regulations as compared to other school-age children.

9

## V.  Conclusion

Based on the foregoing, the Court finds that the ALJ committed reversible legal error when she applied the incorrect age classification for M.S. in evaluating his functional limitations and that this error was not harmless.  Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that M.S. is not disabled is **VACATED** and this case **REMANDED** for further fact-finding consistent with this opinion.

SIGNED this 15th day of February, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE