UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ISABEL SAUCEDO, *on behalf of* M.B.S. (minor child), § § § *Plaintiff*, § § vs. § § KILOLO KIJAKAZI, ACTING § COMMISSIONER OF SOCIAL § SECURITY; § § *Defendant.* § | Case No. SA-20-CV-00891-ESC |

**ORDER**

This order concerns Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#32]. Plaintiff has also filed a Memorandum in support of the motion [#32-1], and the parties have filed a Joint Stipulation for EAJA Fees [#33]. By her motion, Plaintiff asks the Court to award attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), as the "prevailing party" in the above-styled cause of action. The EAJA provides a mandatory attorney's fee award for a prevailing party that meets certain financial eligibility requirements. *Baker v. Bowen*, 839 F.2d 1075, 1079–80 (5th Cir. 1988). Once the plaintiff establishes these facts, the government must pay attorney's fees unless it is able to prove that its position was substantially justified, or special circumstances make an award unjust. *Id.*

The record reflects that on February 15, 2022, the Court ordered that the Commissioner's decision that the Plaintiff is not disabled be vacated and remanded [#30]. That same day, the Court issued a Final Judgment vacating the Commissioner's administrative determination finding Plaintiff not disabled and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) [#31]. The Fifth Circuit has held that a party who obtains a remand in a

social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324, 1324 (5th Cir. 1994) (per curiam).

In support of the instant motion, Plaintiff's counsel has submitted an itemization of the hours he spent representing Plaintiff in this case before the Court. According to Plaintiff, her attorney has spent a total of 62.5 hours on this case at a rate of $200.00 per hour. Subsequent to the filing of Plaintiff's motion, the parties filed a Joint Stipulation which modifies the fee amount requested in Plaintiff's motion to an agreed amount of $9,500.00 [#33].

Having reviewed the motion, the stipulation, and the record in this case, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA as the prevailing party in this case.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act [#32] is **GRANTED AS MODIFIED** by the Joint Stipulation for EAJA Fees [#33].

**IT IS FURTHER ORDERED** that Plaintiff is awarded $9,500.00 in attorney's fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), made payable to Plaintiff and mailed to Plaintiff's counsel at his address on record.

**IT IS THEREFORE ORDERED**.

SIGNED this 6th day of June, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE